UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

LINDA H. JOSEPH and JEREMY A. JOSEPH,

        Plaintiffs,

v.
          **DECISION AND ORDER**
          13-CV-243S

ROBERT GORODETSKY,

        Defendant.

1.     On December 4, 2013, Plaintiffs filed a Motion for Default Judgment against Defendant.  (Docket No. 9.)  For the reasons discussed below, this Court will grant Plaintiffs' motion and award $20,000 in favor of Plaintiff Linda Joseph, and $39,000 in favor of Plaintiff Jeremy Joseph.

2.     Plaintiffs filed their complaint in this action on March 5, 2013.  (Docket No. 1.) Therein, Plaintiffs allege that Defendant violated federal securities laws, breached the contract between the parties, and converted Plaintiffs' funds when he invested Plaintiffs' funds without authorization and failed to return Plaintiffs' funds on demand.

3.     Plaintiffs specifically allege that they entered into an investment agreement with Defendant in Fall 2012 whereby they would provide him a combined amount of $61,000 to invest on their behalf and pursuant to their instructions.[1]  (Complaint, Docket No. 1, ¶¶ 11,13-15.)  The agreement required Defendant to provide sound investment advice, follow Plaintiffs' investment instructions, and return Plaintiffs' funds on demand. (Complaint at ¶¶ 11, 13.)  Approximately two months into the agreement, Plaintiffs' combined investment had grown to approximately $100,000.  (Complaint, at ¶ 16.)

---

[1] Linda Joseph allegedly gave Defendant $20,000; Jeremy Joseph allegedly gave Defendant $41,000.  (Complaint at ¶¶ 14, 15.)

Defendant thereafter made unauthorized investments with Plaintiffs' funds, resulting in losses. (Complaint, at ¶ 17.) Plaintiffs subsequently demanded the return of their principal and proceeds, which Defendant failed to return. (Complaint, at ¶ 18.) Plaintiffs allege that they have been damaged in excess of $95,000. (Complaint, at ¶ 19.)

4. Before obtaining default judgment, a party must secure a Clerk's Entry of Default by demonstrating, through affidavit or otherwise, that the opposing party is in default. FED. R. CIV. P. 55(a). Once default has been entered, the allegations of the complaint that establish the defendant's liability are accepted as true. Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); FED. R. CIV. P. 8(b)(6). Damages, however, must be established by proof, unless the damages are liquidated or "susceptible of mathematical computation." Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir. 1974). All reasonable inferences from the evidence presented are drawn in the moving party's favor. See Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

5. Before entering default judgment, the court must determine whether the facts alleged in the complaint are sufficient to state a claim for relief as to each cause of action for which the plaintiff seeks default judgment. Further, where the damages sought are not for a sum certain, the court must determine the propriety and amount of default judgment. FED. R. CIV. P. 55(b)(2). "In determining damages not susceptible to simple mathematical calculation, a court has the discretion to rely on detailed affidavits or documentary evidence in lieu of an evidentiary hearing." DirecTV, Inc. v. Hamilton, 215 F.R.D. 460, 462 (S.D.N.Y. 2003) (citing Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1992)). A

hearing is not required as long as the court ensures that there is a basis for the damages awarded.  See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (quoting Fustok v. Conticommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989)).

6. The Clerk of the Court entered default against Defendant on December 23, 2013.  (Docket No. 11.)  As such, this Court views the factual allegations in the complaint that establish Defendant's liability as true.  Plaintiffs seek default judgment on their breach of contract claim.[2]  To establish a claim for breach of contract, a plaintiff must demonstrate (1) that a contract between the parties existed, (2) that the plaintiff performed its obligations under the contract, (3) that the defendant breached its obligations under the contract, and (4) that the plaintiff suffered damages.  Terwilliger v. Terwilliger, 206 F.3d 240, 245-46 (2d Cir. 2000); Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 525 (2d Cir. 1994); W.B. David & Co., Inc. v. DWA Commc'ns, Inc., No. 02 Civ. 8479, 2004 WL 369147, at *2 (S.D.N.Y. Feb. 6, 2004).

7. Here, Plaintiffs have alleged the existence of a contract (Complaint at ¶¶ 11, 13), performance of their obligations (Complaint at ¶¶ 14, 15), breach by defendant (Complaint at ¶¶ 17-18, 21-22), and damages (Complaint, ¶¶ 19, 23).  Defendant's liability is therefore established.  As to damages, the evidence establishes that Plaintiff Linda Joseph gave Defendant $20,000 (see Affidavit of Linda Joseph, Docket No. 9-1, ¶ 4 and Exhibit A) and that Plaintiff Jeremy Joseph gave Defendant $39,000 (see Affidavit of

---

[2]Although Plaintiffs do not specifically identify the claim on which they seek default judgment, they focus almost entirely on their breach of contract claim in their motion.

3

Jeremy Joseph, Docket No. 9-2, ¶¶ 5, 6 and Exhibits A and B).[3]

8. Based on the above, this Court finds that Plaintiffs are entitled to default judgment against Defendant on their breach of contract claim. Linda Joseph is entitled to $20,000; Jeremy Joseph is entitled to $39,000. Plaintiffs' Motion for Default Judgment will therefore be granted and judgment against Defendant will be entered accordingly.

IT HEREBY IS ORDERED, that Plaintiffs' Motion for Default Judgment (Docket No. 9) is GRANTED.

FURTHER, that Plaintiff Linda H. Joseph is awarded $20,000 against Defendant.

FURTHER, that Plaintiff Jeremy A. Joseph is awarded $39,000 against Defendant.

FURTHER, that Plaintiffs are directed to serve a copy of this decision on Defendant by electronic mail to rgorodetsky@yahoo.com.

FURTHER, that the Clerk of Court is directed to enter judgment consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated: July 31, 2014
       Buffalo, New York

                                      /s/William M. Skretny
                                      WILLIAM M. SKRETNY
                                      Chief Judge
                                      United States District Court

---

[3] Plaintiffs have not submitted any evidence concerning investment gains, nor do they seek recovery of any investment gains in their motion.